IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-ct-3182-BO

DIZNI RANDY-EDWARD PEARSON, )
)
            Plaintiff, )
)
v. ) **ORDER**
)
BILLY WEST, et al., )
)
           Defendants. )

On July 21, 2016, Dizni Randy-Edward Pearson ("Pearson"), a state prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 [D.E. 1] alleging that defendants, among other things, engaged in selective enforcement of the law and selective prosecution against him in violation of his rights under the Fourteenth Amendment. Pearson sought, and was granted, leave to proceed *in forma pauperis*. See [D.E. 2, 9]. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the court referred Pearson's motion to amend his complaint [D.E. 14] to United States Magistrate Judge Robert T. Numbers, II.

On June 26, 2017, Magistrate Judge Numbers issued an Order and Memorandum Recommendation ("M&R") permitting Pearson to amend his complaint but, after conducting review pursuant to 28 U.S.C. §1915A(a), nevertheless recommended that the court dismiss Pearson's amended section 1983 claim. See [D.E. 16]. Specifically, Magistrate Judge Numbers's M&R determined that Pearson had failed to state a claim for which relief could be granted. See id. at 13 (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994) for the proposition that "where a ruling 'would necessarily imply the invalidity of [plaintiff's] conviction or sentence [his] complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated.'"). The docket reflects that Pearson did not file any objections to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and the plaintiff's complaint, and is satisfied that there is no clear error on the face of the record. See id. Additionally, because the M&R warned Pearson that failure to file timely written objections to the M&R would bar him from appealing to the Court of Appeals, see [D.E. 16] at 14, Pearson has likewise waived his right to appeal, see Wells v. Shriners Hosp., 109 F.3d 198, 199 (4th Cir. 1997) ("If a party exercises his option not to file objections [to the Magistrate's M&R], however, he also chooses to waive his appeal."), c.f. Wright v. Collins, 766 F.2d 841, 846–47 (4th Cir. 1985) (finding that, because the pro se litigant did not receive appropriate notice that failure to object to a Magistrate's M&R would prevent appeal and lead to procedural default, the litigant's failure to object in a timely manner did not bar the appeal).

Accordingly, the court ADOPTS the conclusions of the M&R [D.E. 16], DISMISSES plaintiff's amended complaint [D.E. 1, 14] for failure to state a claim upon which relief may be granted, and DENIES Pearson's request for an injunction. The clerk is DIRECTED to close the case.

SO ORDERED. This 7 day of November 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

2